force or well he who question you %uh its report %uh this trio %uh %uh it please the court I'm Doreen Trujillo and I'm representing the party boss in this appeal of a board decision in an interference involving application to application interference %uh this interference was not provoked by either party this is interference was instituted by the board what the board has done in this interference is allowed Kabili to both have its cake and eat it too Kabili cannot have it both ways Kabili cannot argue that Dr. Wetzel is an inventor of the invention of the count but also argue that his contribution is irrelevant to a determination of conception and that's what has been argued here Dr. Wetzel testified that his contribution to the invention was the reconstitution of antibody now let me step back a bit the invention in this instance is a chimeric antibody produced by recombinant means and so once you produce the antibody you have to be able to reconstitute it in order to have binding activity so Dr. Wetzel testified and Kabili does not disagree that his contribution to the invention was the reconstitution of the antibody boss's position is that that February 25th 1983 draft does not disclose or describe Dr. Wetzel's contribution to the invention at most that February 25th draft describes what could be classified as a general goal or a research plan when you look at it which is on page 858 I think Kabili is going to tell us that they can alternatively see their conception on March 24th right? right and boss disagrees with that because conception as the court is aware is a definite and permanent idea of the complete inoperative invention but we've got the board finding that as of March 24th Wetzel and all the inventors had finished developing but the board finding didn't didn't take into consideration that as of that date the board actually looked backwards from the March 25th draft and when you read the board's decision they wrote they looked backwards whereas with conception you need to look forward the board looked at the March 25th draft and said okay there's a discussion in the draft of specifically how to do this and we find this as long as the board found that complete indefinite presentation of the entire workable invention before March 25th you lose don't you given diligence we can talk about that separately but we as I said the board didn't they didn't take into consideration the evidence on that date we disagree with that I'm sorry March 24th when you look at the laboratory notebook page the board didn't take into consideration that there were different uh... different experiments run different conditions run and it's page A7699 of the record and it's on page ten of our brief it wasn't a definite idea at that point Dr. Wetzel your argument rests on our evaluating the lab notebooks and making a determination that says that the board clearly erred right in its reading and analysis of the lab notebooks right in this case Kabili had the burden Kabili was the junior party so as the junior party Kabili had the burden to prove by a preponderance of the evidence that they had conceived of the invention before March 25th so if they don't have evidence that they conceived of the invention before March 25th they lose now when you look at the notebook page on March 24th yes you can look and find the exact conditions that are described in the specification but you also see different conditions and conditions that are better that got better results so boss's position is and now again we weren't the ones with the burden so Kabili came in with their evidence first we questioned whether there was conception and we made these arguments that when you look at that notebook page there isn't a definite and permanent idea of how to reconstitute the antibody there is additional research plans Janentech's expert testifies that a person of ordinary skill in the art with the February 25th disclosure would be able to reproduce the invention and that's our position that it's an end round around Dr. Wetzel's contribution I understand the difficulty with why is it an end run I don't quite understand that because Dr. Wetzel if he is in fact an inventor has to have contributed to the conception of the invention and our position is the discussion in that February 25th draft does not represent what his contribution is so the fact that their expert says that one could follow that draft to make the invention does not address the question of whether that draft represents Dr. Wetzel's contribution well Dr. Wetzel testified that his reconstitution appears in section D1 of that February 25th he testified that that describes his his work but he had no knowledge of that he had no knowledge of contributing that and when you look at what that describes the point is that there seems to be adequate evidence to support what the board is giving us so we don't get to see if there's a lack of evidence for what the board has done and at each step the board has shown us that there is record evidence supporting their result is there some problem with that well as I said we disagree that that draft shows his contribution what is what is the what would you say is the he testifies himself that it's in there it's in section D1 well what's wrong with that it's it's not a definite and permanent idea of his reconstitution it's a general it's just a general research goal when you read it it talks about reconstituting and they say this in that portion of the draft says this is done by providing mild denaturing renaturing conditions so as to permit such assembly typically extraction in about five to nine molar urea five to nine molar urea doesn't tell you exact amount doesn't tell you the time doesn't tell you the temperature in the presence of reducing agent followed by dialysis into dilute buffer in the presence of air provides these conditions typically there's just that's our position if if Kabilia is raising Dr. Wetzel to the level of an inventor he must have contributed to the conception of the invention then it must be relevant to conception what he determined how to reconstitute these on the March 25th draft the detail is much greater and that's on A5923 to 5924 of the evidence now you're talking about they took the cell lysate added 500 milligrams of urea not a range of five to nine molar well that supports the alternative conception date which is still before you pardon that's the March 25th that's not March 24th if you prior to March 25th Dr. Wetzel had recorded all this so they say at least by the 24th it was all in place right and boss's response to that is by the 24th he had done this but he had also done other experiments so it didn't become definite until a decision was made that those were the conditions that there were to be used the experiment was completed on the 24th the draft was completed on the 25th at most there's a 50-50 likelihood that that decision was made on the 24th but until that decision was made which conditions were to go into the application boss's position is found that it was no later than the 24th so that's what we have to accept well unless you can tell us show us something in the record that renders that to support that the board found that basically in saying when you read the board's decision the board says well they did those experiments and this experiment found its way into the draft application so therefore we find that there was conception the board didn't make a decision when it when it found it it just looked back from the draft application and said look we find that this experiment was done and later than March 24th it was all there the experiment was done but as again boss's position is that the board and we weren't the ones with the burden on this the burden was on kabili and that's where i think the difficulty has been with the board throughout because even when we had our oral argument with the board the board didn't look at the evidence going forward to look the board looked at the evidence going backwards and that's what boss's contention is but even if as as the board alternatively said you find that the February 25th draft is a complete conception it is boss's position that reasonable diligence wasn't shown from immediately prior to boss's entry March 25th until kabili's filing date and there were two arguments that boss made regarding this the first was that diligence normally has this figure four timeline of their developed diligence where is the gap you've got two weekends and you've got several events happening each week before those weekends and leading up to the filing of the are you aware of what i'm talking about okay the figure four timeline that's in their red brief right i'm looking at figure three okay okay that timeline right there they're starting up with the dr wetzel's reconstitution yes so we're focusing on before right well so that starts them before right they've got to have diligence from that point until their filing date and we see all sorts of flags here one two three four five six seven eight flags in two weeks and we're not focusing on that half as we focused on that in the at the board below we're not looking at the diligence from March 25th to April 8th our argument is whether diligence has been shown before March 25th and our argument is that those reconstitution experiments again this invention is chimeric antibodies and Kabili has conceded that they didn't actually reduce chimeric antibodies to practice before filing so all the diligence that is being shown relates to non-chimeric antibodies so again we're saying that now Kabili is getting a twofer because they're saying that the reconstitution experiments which are not related to chimeric antibodies at all represent a diligent reduction to practice the constructive reduction of practice and boss's argument was that no it's not directly related to the invention of the count the board did not address that argument boss also argued that if you look at it and you accept that the February 25th draft is a complete conception and you accept what as Kabili admitted that on the 24th dr wetzel said oh we've reconstituted an antibody then you shouldn't look at any of his experiments thereafter because now you're in the position like neighbor versus creechi where you're giving him a reservoir giving them a reservoir he reduced it to practice but now he's fiddling around with conditions and you're giving them diligence based on something that's not relevant to the invention of the count the first thing i see in the record from either party is dr heinecker's february public presentation did that spur you to activity as well i'm sorry you build a little on dr heinecker's work as well boss yes uh your honor there there was there was that's the first thing i saw on the record yeah right we there were arguments in the prior interference as you know there was a prior interference and there were investigations of who derived from who so no definitely boss was not spurred on by heinecker okay fine you want to save the rest of your time yes okay thank you and uh we'll hear from miss addy you may proceed thank you good morning your honors you should affirm because the board found based on overwhelming evidence proving kabilis priority that evidence includes draft patent applications inventor testimony showing their specific solution to the problem non-inventor corroborating testimony unrefuted expert testimony and end declarations lab notebooks evidencing conception and claim charts identifying each limitation in the count but the other side is right are they not that if we start with the march 25th date and we work our way backwards and we don't necessarily adopt everything the board concluded with respect to the lab notebooks then it is a toss-up is it not as to whether or not what we see on march 25th was as of that morning or as of the day before right we disagree your honor first of all the march 25th draft corroborates an earlier conception there's ample evidence in the record that boss conceived by february 25th and that evidence remains unrefuted there's the botchin testimony that's our expert there's our inventor testimony so february 25th is a conception date there's the alternate conception date of march 24 stick to the alternate conception there's the alternate conception date of march 24th and in this priority contest under 102g the board was resolving whether boss was entitled to priority and it looked at what happened right before boss's constructive reduction to practice and it saw this activity but that's not the only activity that's the activity that was concluded on march 24th if you look in the record there was activity ongoing throughout february and march showing conception for example for example in march 21st there was notebook entry saying best reconstitution yet and that's at 7191 of the record and then in march 24th when they use that data that ends up in the march 25th application the inventor said repeat experiment from page 78 that's the march 21st experiment exactly so they knew what they had and the board looked at this evidence and found that to be your review is not to reassess the evidence but only under the substantial evidence standard your honor and under substantial evidence that's only such evidence as a reasonable mind might accept as adequate here there is no evidence support any other conclusion your honor this case is not about the science the science is admitted this case is simply about the timing of conception and there's no evidence in the record of an that kabili did not conceive all that's there is recasting and it's not of attorney argument what about dr wetzel's contribution there's he's listed there's no dispute here that it's claim 110 yes he's an inventor and that particular claim so i mean what do you make of the other side's arguments and certainly one of them which is that he feels like his contribution was not identified in the march 25th draft well it's interesting that they make that argument your honor because later on in the brief they specify his contribution they specified that he knew what he had as of the february 25th draft specifically on the blue brief at 6 17 and 22 boss sets out that dr wetzel knew the constitution by the february 25th draft and i quote the evidence provided shows that by february 24 1983 wetzel had completed at least one reconstitution experiment on recombinant material and they cite to the lab notebook at 27 36 of the record that's in her brief at b 22 but isn't his testimony with respect to the march 25th draft that he couldn't identify anything or remember or your honor that's with respect to the february 25th draft but that does not mean that he didn't testify that he couldn't remember what he invented he testified that he didn't specifically remember what that he contributed to that draft but he also testified that he that his contribution was in that draft and he specifically pointed out where it was and that it was at d1 on reconstitution and that was read into the record in the deposition testimony again that's coming decades later isn't it exactly and and the board considered all of this and the board recognized that this is not a case that turns only on oral testimony of the inventor rather the inventor testimony corroborated the immense amount of documented testimony i mean documented evidence miss uh trujillo mentioned that there had been investigations of derivation what happened in those your honor that's not part of this record i understand that i want to know what happened i'm not familiar with with that part of the record i i would if i would like to uh address diligence as as she brought it up um there is so much evidence of diligence that the board found it beyond a reasonable doubt and here in the briefing boss barely disputes diligence not only do we have the diligence timeline you pointed out at a 20 page 21 facing but we also have other fact evidence that shows in our timeline on page 10 so your honors if there are no more questions on this record and under the substantial review standard kabili on this record of kabili's unrebutted and corroborated evidence you should affirm thank you miss addy miss trujillo you have uh still remaining a minute and a half a little more i just wanted to address a few things um it was brought out what boss argued on page 22 stating that the evidence provided shows that by february 24th reconstitution experiment but the specifics of that experiment were different than what was eventually found its way into the march 25th draft the conditions are are very different so boss was arguing that you know if you take a look at that that's very different than what came into the march 25th draft and dr wetzel had testified that he really didn't recall providing information on either draft on either the march 25th draft or the draft so it's boss's contention that somebody made that decision dr wetzel couldn't remember and i i appreciate this was many years ago but he couldn't say yes definitively i had confirmed that and said this is the way to go and when you look at the notebook page yes it may have said repeat the experiment exactly but it doesn't say you know this is the way to go if they tried all different different conditions and they still nothing was shown to say this is the way to go and unless you have further questions thank you mr thank you our next case is